COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

April 9, 2015

Stephen P. Lamb, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE 19806

Re: *AM General Holdings LLC v. The Renco Group, Inc.*
    C.A. No. 7639-VCN
    *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
    C.A. No. 7668-VCN
    Date Submitted: April 2, 2015

Dear Counsel:

On March 25, 2015, the Court entered a temporary restraining order preventing the Renco Parties[1] from using the assets of Ilshar Capital LLC ("Ilshar") to pay a substantial judgment recently entered in the Southern District of

---

[1] The Renco Group, Inc., Ira L. Rennert, and ILR Capital, LLC are the "Renco Parties."

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCN
April 9, 2015
Page 2

New York in an unrelated matter. That order also prohibited the Renco Parties from using Ilshar's assets to obtain an appeal bond.

The risk that Ilshar's funds would be used for such purposes has been substantially reduced by the posting of a supersedeas bond to cover the risk of nonpayment of the judgment. There does remain a risk, but it is significantly reduced from the potential harm that supported entry of the temporary restraining order.

The Renco Parties had resisted AM General Holdings LLC's ("Holdco") efforts at discovery in support of its motion for a preliminary injunction. They now seek to terminate the preliminary injunction process initiated by Holdco and to have the temporary restraining order vacated because the potential harm—the risk that Ilshar's assets will be used for purposes of the New York judgment—has been substantially reduced.

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCN
April 9, 2015
Page 3

Holdco pursued the interim injunctive relief because of the potential exposure of Ilshar's funds. The risk it identified was real, even if there was a speculative aspect to it. If there had been no New York judgment, it is unlikely that Holdco's injunctive relief efforts would have occurred last month. That potential for irreparable harm has abated to the extent that, at least on the present record, the expedited scheduling of a preliminary injunction is no longer warranted.

The scope of discovery for preliminary injunctive purposes has been a principal topic of debate between the parties. That discovery, such as discovery into the self-dealing transactions by the Renco Parties over the last several years, goes to the core of the dispute in the case in chief and is better addressed in the regular course of this proceeding—not as an appendage to expedited proceedings. If the Renco Parties are being unreasonable and recalcitrant, as Holdco seems to suggest, the appropriate way to obtain the discovery is through a motion to compel.

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCN
April 9, 2015
Page 4

Accordingly, the temporary restraining order entered on March 25, 2015, will be vacated and will expire as of 11:59 p.m. today.  Unless the Renco Parties file a claim within five days against the security posted by Holdco for the temporary restraining order, that bond will be released.  The preliminary injunctive process is no longer justified and, for present purposes, this proceeding no longer needs expedited handling.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Joel Friedlander, Esquire
       Register in Chancery-K